**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DONG GEN PIAO, | No. 08-70573 |
| Petitioner, | Agency No. A098-445-408 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 14, 2010[**]

Before:    GOODWIN, WALLACE, and CLIFTON, Circuit Judges.

Dong Gen Piao, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's decision denying his application for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT").  We have jurisdiction

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252.  We review de novo questions of law, and we review for substantial evidence factual findings.  *See Husyev v. Mukasey*, 528 F.3d 1172, 1177-78 (9th Cir. 2008).  We deny the petition for review.

The record does not compel the conclusion that Piao established extraordinary circumstances excusing his untimely filed asylum application.  *See* 8 C.F.R. § 1208.4(a)(5).

Piao does not contend he suffered past persecution but claims he will be persecuted on account of his practice of Falun Gong.  Substantial evidence supports the agency's denial of withholding of removal because the problems his wife has experienced do not compel the conclusion that it is more likely than not that he will suffer future persecution.  *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1184-85 (9th Cir. 2003).

Finally, substantial evidence supports the agency's denial of CAT relief because Piao failed to establish it is more likely than not he would be tortured if removed to China.  *See Wakkary v. Holder*, 558 F.3d 1049, 1068 (9th Cir. 2009).  We do not consider the country report Piao references in his opening brief because our review is limited to the administrative record underlying the immigration judge's decision.  *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc).

**PETITION FOR REVIEW DENIED.**

08-70573